**FILED**

VANESSA L. ARMSTRONG, CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JAN 26 2017

**U.S. DISTRICT COURT
WEST'N. DIST KENTUCKY**

JOHNATHAN MASTERS,

Plaintiff,

v.                                                  Civil Action No. 3:13-cv-34-DJH

OFFICER JOEL CASSE,

Defendant.

\* \* \* \* \*

## JURY INSTRUCTIONS

### INSTRUCTION NO. 1

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every civil case.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

Then I will explain the elements, or parts, of the claims asserted by the plaintiff against the defendant.

And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

**INSTRUCTION NO. 2**

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the plaintiff has proven his case by the preponderance of the evidence. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

## INSTRUCTION NO. 3

The term "preponderance of the evidence" is used many times in these instructions and deserves some additional explanation.  To establish by a "preponderance of the evidence" means to prove that something is more likely so than it is not so.  In other words, a preponderance of the evidence in this case means such evidence as, when considered and compared to that opposed to it, has more convincing force, and produces in your mind a belief that what is sought to be proved is more likely true than not true.

In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

## INSTRUCTION NO. 4

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath and the exhibits that I allowed into evidence.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

4

**INSTRUCTION NO. 5**

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.  If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

## INSTRUCTION NO. 6

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact.  If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other.  You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## INSTRUCTION NO. 7

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony.

(A)     Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

(B)     Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

(C)     Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(D)     Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

(E)     Ask yourself if the witness had any relationship to the plaintiff or the defendant, or anything to gain or lose from the case, that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

(F)     Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something (or failed to say or do something) at any other time that is inconsistent with what the witness said while testifying. If you believe that the witness was

7

inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it may; other times it may not. Consider whether the inconsistency was about something important, or about some unimportant detail. Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

(G)     And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

## INSTRUCTION NO. 8

One more point about the witnesses.  Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified.  What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.  Concentrate on that, not the numbers.

## INSTRUCTION NO. 9

There is one more general subject that I want to talk to you about before I begin explaining the elements of the plaintiff's claims.

The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

**INSTRUCTION NO. 10**

This case stems from events that occurred while the plaintiff, Johnathan Masters, was crossing the street in Louisville, Kentucky. It is undisputed that Masters first struck the defendant, Detective Joel Casse, in the head and that a physical struggle to arrest Masters ensued. Masters claims that Detective Casse violated his Fourth Amendment right to be free from excessive force when Detective Casse struck Masters in the face. Masters claims that this occurred after he submitted to arrest by Detective Casse upon realizing that Casse was a police officer. It is agreed that all use of force ceased after the strike to the face. Detective Casse also asserts that all use of force during the arrest was reasonable and necessary to effectuate the arrest. Detective Casse claims that Masters submitted to arrest only after he was struck in his face.

## INSTRUCTION NO. 11

Plaintiff Johnathan Masters has the burden of proving by a preponderance of the evidence that Defendant Detective Joel Casse deprived him of particular rights under the United States Constitution.

Every person has a constitutional right not to be subjected to unreasonable or excessive force, even if the arrest is otherwise made in accordance with the law.  A law enforcement officer has the right to use such force as is reasonably necessary under the circumstances to make a lawful arrest.

In this case, Johnathan Masters claims that Detective Casse violated his rights under the Fourth Amendment by using excessive force in arresting him.  You must determine whether the amount of force used by Detective Casse in effecting the arrest of Johnathan Masters was that which a reasonable officer would have used in effecting an arrest under similar circumstances. In making this determination, you should consider all the facts and circumstances known to Detective Casse at the time, including the amount of force used, the need for the application of force, and the relationship between that need and the amount of force used; the severity of the crime at issue; whether Masters posed an immediate threat to the safety of Detective Casse; and whether Masters actively resisted arrest or attempted to evade arrest by flight.

The reasonableness inquiry is an objective one and must be judged from the perspective of a reasonable officer at the scene rather than with the benefit of hindsight.  The question is whether Detective Casse's actions were objectively reasonable in light of the facts and circumstances confronting him, without regard to his underlying intent or motivation.

In order to prove that Detective Casse deprived Masters of his Fourth Amendment rights, Masters must prove, by a preponderance of the evidence, each of the following elements:

(1) that Detective Casse intentionally committed certain acts against Johnathan Masters;

(2) that those acts violated Johnathan Masters's Fourth Amendment right not to be subjected to excessive force, because those acts were objectively unreasonable in light of the facts and circumstances at the time; and

(3) that those acts were the legal cause of Johnathan Masters's damages.

If you decide that Plaintiff Johnathan Masters has proven each of these elements by a preponderance of the evidence, you must render a verdict in his favor. Do so by marking "YES" in Part One of the Verdict Form. If you decide that Plaintiff Johnathan Masters has not proven each of these elements by a preponderance of the evidence, you must render a verdict in favor of Defendant Detective Joel Casse. Do so by marking "NO" in Part One of the Verdict Form.

## INSTRUCTION NO. 12

Plaintiff Johnathan Masters claims that Defendant Detective Joel Casse committed battery upon him.  Battery is the intentional and unlawful touching of another person.  However, it is lawful for a police officer to touch another person in order to arrest that person, so long as the police officer does not use more force than is reasonably necessary to effect the arrest and retain that person in custody.

It is undisputed that as a result of his altercation with Detective Casse, Johnathan Masters was convicted of the offense of Menacing.  You are therefore instructed as a matter of law that Masters committed the offense of Menacing.  You are further instructed as a matter of law that Detective Casse was authorized to use the amount of force reasonably necessary to arrest Johnathan Masters and retain him in custody.

In order to prove that Detective Casse committed battery, Johnathan Masters must prove, by a preponderance of the evidence, that Detective Joel Casse used more force than was reasonably necessary, or so appeared to him in the exercise of reasonable judgment, in order to arrest Johnathan Masters and retain him in custody.  If you decide Plaintiff Johnathan Masters has proven this requirement by a preponderance of the evidence, you must render a verdict in his favor.  Do so by marking "YES" in Part Two of the Verdict Form.  If you decide Plaintiff Johnathan Masters has not proven this requirement by a preponderance of the evidence, you must render a verdict in favor of Defendant Detective Joel Casse.  Do so by marking "NO" in Part Two of the Verdict Form.

**If your answer is "YES" on either Verdict Form Part One or Verdict Form Part Two, proceed to Instruction No. 13.  If your answer is "NO" on both Verdict Form Part One and Verdict Form Part Two, then your verdict is complete.  Please return to the courtroom.**

14

## INSTRUCTION NO. 13

**If you answered "NO" to Instruction No. 11 and Instruction No. 12, ignore this instruction.** If you answered "YES" to either Instruction No. 11 or Instruction No. 12, then you must now determine the amount of money that will fairly and reasonably compensate the plaintiff for any injury or injuries he suffered as a result of the force used by Detective Casse.

Any award you give must be fair compensation in light of the evidence presented at trial—no more and no less. The purpose of compensatory damages is to make the plaintiff whole—that is, to compensate the plaintiff for damages that he has suffered. You should not award compensatory damages for speculative injuries, but only for those injuries that the plaintiff actually suffered or is likely to suffer in the future.

In determining the amount of damages to award, you should be guided by logic and common sense, drawing reasonable inferences from the evidence. You may not award damages based on mere guesswork; however, the law does not require a plaintiff to prove damages with mathematical precision.

If you find for Plaintiff Johnathan Masters, but find that he has failed to prove actual damages, you shall return an award of nominal damages in an amount not to exceed $1.00. Nominal damages are appropriate when the jury is unable to place a monetary value on the injury that the plaintiff has suffered. The mere fact that an individual's constitutional rights have been violated entitles him to an award of nominal damages. The same is true for battery—actual damages need not be proven and nominal damages may be awarded.

Please indicate the amount of damages in Part Three of the Verdict Form.

**If you award the plaintiff neither compensatory nor nominal damages, then your verdict is complete. Please return to the courtroom. If you award the plaintiff either compensatory or nominal damages or both, then proceed to Instruction No. 14.**

## INSTRUCTION NO. 14

In addition to the damages discussed in Instruction No. 13, the law permits the jury under certain circumstances to award an injured person punitive damages in order to punish the defendant and deter the defendant and others from engaging in similar conduct.

If you find in favor of Plaintiff Johnathan Masters and against Defendant Detective Joel Casse, then you may, but are not required to, award Masters an additional amount as punitive damages if you find it is appropriate to punish or deter Detective Casse and others from similar conduct in the future. Whether to award Johnathan Masters punitive damages, and the amount of those damages, is in your sound discretion.

You may only award punitive damages if Johnathan Masters has proven by clear and convincing evidence that Detective Casse's conduct was malicious or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will or spite or for the purpose of a grudge. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the safety and rights of others.

An award of punitive damages is discretionary—that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award punitive damages. If you decide to award punitive damages, you should keep in mind that the purposes of punitive damages are to punish the defendant and deter the defendant and others from engaging in similar conduct in the future. An award of punitive damages should not reflect bias, prejudice, or sympathy toward any party. You may also consider the nature of the defendant's acts, the reprehensibility of the defendant's conduct, the impact of the defendant's conduct on the plaintiff, the relationship between the

plaintiff and the defendant, the likelihood the defendant would repeat the conduct if punitive damages were not awarded, and the defendant's financial condition.

Please enter the amount of your verdict for punitive damages, if any, in Part Four of the Verdict Form.

**When you have completed Part Four of the Verdict Form, your verdict is complete. Please return to the courtroom.**

## INSTRUCTION NO. 15

Any verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree.  Your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with a view to reach an agreement, if you can do so without violence to individual judgment.  You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views and even change your opinion, if you become convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Upon retiring to the jury room, you will select someone to act as your foreperson.  The foreperson will preside over your deliberations and will be your spokesperson here in court.  A verdict form has been prepared for your convenience.  You will take this form to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in the Verdict Form with respect to each issue upon which you unanimously agree.  The foreperson will then date the form and sign it with his or her name and jury number.  You will then return to the courtroom with your verdict.